### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

JENNA POHL,

               **Plaintiff,**

v.

                                      **Case No. 19-cv-1383-SPM**

NOVEL ENERGY SOLUTIONS,
L.L.C.,

               **Defendants.**

### MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant, Novel Energy Solutions, L.L.C. ("Novel Energy"). For the reasons set forth below, the Court GRANTS the Motion to Dismiss.

### PROCEDURAL BACKGROUND

On December 20, 2019, plaintiff, Jenna Pohl ("Pohl") filed a one-count Complaint against Novel Energy. (Doc. 1). The complaint was predicated upon the Illinois Sales Representative Act ("ISRA") codified at 820 ILCS 120/1, *et seq.*, for damages and commissions she claims were due and owing to her. *Id.* Pohl claims that Novel Energy's failure to pay commission was a breach of the employment contract. *Id.* Pohl further claims treble damages, as authorized under the ISRA. *Id.* at 4.

Attached to the Complaint was a letter dated July 18, 2018, which was directed to plaintiff, Jenna M. Pohl from Novel Energy Solutions, LLC by Lynnette Phenix, Human Resources Director. (Doc. 1-1). Within said letter, Novel Energy presented an

offer for the position of Sales Representative that included salary, benefits and commission schedule. *Id.*

On October 1, 2020, Novel Energy filed a Motion to Dismiss for Failure to State a Claim pursuant Rule 12(b)(6). (Doc. 17). Novel Energy asserts that because Pohl alleges she earned commissions under an "employment contract", she was an employee of Novel Energy. *Id.* Specifically, Novel Energy claims Pohl is excluded under the ISRA, which only applies to "sales representatives", not anyone who qualifies as an employee under the Illinois Wage Payment and Collections Act ("IWPCA") codified at 820 ILCS 115/1, *et seq. Id.*

Novel Energy also filed a memorandum of law in support of its Motion to Dismiss. (Doc. 18). Within the supporting memorandum, Novel Energy asserts that Pohl cannot state a claim for relief under the ISRA and makes two main arguments for why the Complaint must be dismissed. (Doc. 18). First, Novel Energy contends that a "sales representative" under the ISRA cannot be an "employee". *Id.* Second, Novel Energy contends that Pohl was not a "sales representative" under the ISRA. *Id.* Novel Energy analyzed and compared the ISRA and the IWCPA and argued that the distinction between "sales representative" and "employee" was dispositive so that there is no cause of action under the ISRA. *Id.*

On November 19, 2020, Pohl filed a Response to Novel Energy's Motion to Dismiss, along with supporting memorandum of law. (Docs. 22, 23). Pohl argues that her complaint also sets forth a breach of contract claim, so dismissal is not a proper remedy. *Id.* Pohl further argues that the IWPCA is inapplicable in this case because it only applies when both the employee and the employee are in Illinois. *Id.*

Notwithstanding the foregoing, Pohl doubles down on her position that her request for damages under the ISRA is proper. *Id.*

## FACTUAL BACKGROUND

On or about July 18, 2018, Pohl was hired by Novel Energy for the position of sales representative.[1] (Doc. 1). Regarding said position, Pohl received a letter dated July 18, 2018 from Novel Energy that set forth the salary, commissions and benefits of the offered position. (Doc. 1-1). The letter further stated, "[y]our employment with Novel Energy will be at-will, meaning that either you or the company may terminate your employment at any time, with or without notice and for any reason." *Id.* There were also contingencies to the offer, including completion of an I-9 Employment Eligibility and Verification Form and signing of Confidentiality, Intellectual Property, Non-Competition and Non-Solicitation Agreement before first day of employment. *Id.* Pohl signed the letter, that had "Employee" after her signature, and indicated her agreement and acceptance of the terms. *Id.*

According to the Complaint, Pohl asserts that between July and September of 2018, she consummated sales on 18 Community Solar Garden contracts with customers. (Doc. 1). Pohl further claims that pursuant to her employment contract, she was entitled to commissions and an amount remains due and owing to her from Novel Energy. *Id.* at 2. In September 2018, Pohl's category of sales changed, and Pohl alleges a new commission structure that was agreed to orally. *Id.* at 3. Pohl claims to have consummated at least 137 Distributed Generation ("DG") contracts with at least

---

[1] The facts set forth in Plaintiff's Complaint are deemed true and accurate for purposes of the Motion to Dismiss.

69 new, unique customers. *Id.* She further claims to be entitled to commission on the
DG sales and asserts that she has never been paid on any of the DG contracts. *Id.*
Pohl avers that Novel's failure to pay was a breach of the employment contract. *Id.*
On January 3, 2019, Pohl was terminated from her position with Novel Energy. *Id.*

## LAW

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of
the case; instead, a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson
v. City of Chicago,* 910 F.2d 1510 (7th Cir. 1990). When reviewing a motion to dismiss
under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's
complaint and draws all reasonable inferences in their favor. *Killingsworth v. HSBC
Bank Nevada, N.A.,* 507 F.3d 614 (7th Cir. 2007)

The Court of Appeals for the Seventh Circuit has clarified that courts must
approach Rule 12(b)(6) motions by construing the complaint in the light most
favorable to the non-moving party, accepting as true all well-pleaded facts alleged,
and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere
& Co.,* 556 F.3d 575, 580 (7th Cir. 2009), cert. denied, 558 U.S. 1148 (2010) (*quoting
Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under this standard, a
plaintiff who seeks to survive a motion to dismiss must "plead some facts that suggest
a right of relief that is beyond speculative level." *In re marchFIRST Inc.,* 589 F.3d
901 (7th Cir. 2009).

There are two hurdles or tenets that must be overcome in order to state a cause
of action under Rule 12(b)(6). *E.E.O.C. v. Concentra Health Servs, Inc.,* 496 F.3d 773
(7th Cir. 2007). First, the complaint must describe the claim in enough detail to give

Page 4 of 8

fair notice of the claim and the grounds for it; a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp.,* 550 U.S. 544 (2007). Second, the complaint must state a claim "plausible on its face', meaning the plaintiff's right to relief must rise above a "speculative level". *Id.* at 579. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "Plausibility is not a synonym for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670 (7th Cir. 2016).

## ANALYSIS

The Illinois Sales Representative Act ("ISRA") pertains to commissions due sales representatives. 820 ILCS 120/1, *et seq.* Defendant's argument in its motion to dismiss is predicated upon plaintiff being an employee under the IWCPA. 820 ILCS 115/1, *et seq.*

At this juncture, it is not necessary to determine Pohl's employment status. It is merely necessary to determine whether Pohl has set forth the elements of a cause of action in her Complaint such that it is *plausible* that she could recover under the ISRA.

In her response to the motion to dismiss, Pohl cites to our sister district; however, her reliance is somewhat misguided. *See Pfeifer v. Metropolitan Siding & Windows, Inc.*, (N.D. Ill. 2004). Although many of the surrounding facts and arguments are similar, i.e. Chad Pfeifer was a Marketing Manager for Metro Siding from 2000 until his termination in 2003, many of the facts are also different. *Id.* Pfeifer received a

salary, but also claimed commissions were due and owed to him. *Id.* Pfeifer filed a **three-count** complaint against defendant, Metro Siding, wherein count I was brought pursuant to the Sales Representative Act (ISRA); Count II alleged breach of contract; and, Count III was brought, in the alternative, pursuant to the Wage Payment and Collection Act (IWPCA). (Doc. 1, N.D.Ill., 03-CV-7312) (emphasis added).

Metro Siding filed a Motion to Dismiss for lack of jurisdiction, or in the alternative, for failure to state a claim. (Doc. 3, N.D.Ill., 03-CV-7312) (emphasis added). Specifically, Metro Siding argued that actual damages were $29, 260 and that Pfeifer was an employee, not a sales representative under the ISRA entitled to treble damages, so he could not meet the jurisdictional requirement of $75,000. *Id.* Clearly, the facts of Pfeifer are not synonymous with the facts in this case.

In *Pfeifer*, the Honorable Judge Samuel Der-Yeghiayan of the Northern District of Illinois went through an extensive analysis of Pfeifer's Complaint focusing much of his attention on jurisdiction and the amount in controversy requirement. *Pfeifer,* 2004 WL 406769. The Court also compared the ISRA and IWPCA and, it is important to note, relied on the outdated position of *Conley v. Georgia*, 355 U.S. 41 (1957)[2], when it held that it was not convinced that Pfeifer can prove *no set* of fact in support of his claim which would entitle him to relief." *Id.(emphasis added).* The *Pfeifer* court also found that the term "employee" is a term of art, and when comparing the ISRA and

---

[2] *Conley v. Georgia* was abrogated by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) which held dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt that plaintiff can prove no set of facts in support of claim that would entitle him to relief.

IWPCA, the argument is better suited for a summary judgment motion. *Id.*

Federal pleading requires notice, not fact pleading. In other words, a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Pohl states a claim for relief under the ISRA, but is it clear, or plausible, that she is entitled to relief? No; however, as was done in *Pfeifer,* alternative pleading is an option. Fed.R.Civ.P. 8(d)(2). In fact, Rule 8(d)(2) specifically states in pertinent part that, "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient *if any one of them* is sufficient." (*emphasis added).*

This Court does not know the full rationale utilized by Judge Der-Yeghiayan in denying the motion to dismiss in *Pfeifer*; however, Judge Der-Yeghiayan did have differing theories in a complaint that asserted the ISRA in Count I and the IWPCA, in the alternative, in Count III. (Doc. 1, N.D.Ill., 03-CV-7312). Furthermore, this Court does know that Judge Der-Yeghiayan referenced both in his ruling when he indicated that, "at this juncture, and based on the facts before us, we cannot say that Pfeifer was an "employee" under the IWPCA and cannot be deemed a sales representative under ISRA and recover treble damages."   2004 WL 406769

This Court is not in the same position at the *Pfeifer* court. This Court only has the ISRA at issue. Pohl has placed all her eggs in the ISRA basket, and any right to relief under the ISRA is speculative.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the Motion to Dismiss; however, the Court further grants plaintiff thirty (30) days to file an Amended Complaint.

**IT IS SO ORDERED.**

**DATED:   December 30, 2020**

<u>**/s/ Stephen P. McGlynn**</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**